LEONARD DOBBIN vs. SAMUEL W. WYBRANTS — Error from Walker County.

When a party is sued by the holder of a negotiable promissory note, and pleads that a judgment has been rendered against him, on a garnishee process in a suit against the payee of the note, the plaintiff in that judgment should be made a party, and the collection on the judgment enjoined, until it is ascertained to whom the debt is really due. [21 Tex. 501.]

Case stated in the opinion of the court.

YOAKUM for plaintiff in error.

WILEY & POTTER for defendant in error.

Mr. Justice LIPSCOMB delivered the opinion of the court.

This suit was brought on a note of hand made by the defendant, Wybrants, payable to R. M. Hannay or bearer, dated at New Orleans, 10th June, 1846, which was afterwards transferred by the said Hannay to the plaintiff, by delivery, for value received. The defendant, Wybrants, answered, setting up the proceedings had against him as garnishee, in the case of Rice & Nichols vs. Hannay [see the opinion of this court in the case of Wybrants vs. Rice & Nichols, this term], and he prayed that Rice & Nichols should be made parties in this case; and that the proceedings in that case should be, by order of the court, suspended, until it could be determined to whom he owed the amount of his note. The court below refused to make Rice & Nichols parties, or to suspend execution on the judgment they had obtained against the defendant as garnishee, but held that the judgment was a bar to the action of Dobbin against the defendant, Wybrants, in this case, and gave judgment accordingly; and to reverse which the plaintiff has brought a writ of error to this court.

It is not believed to be necessary that we should enter into a particular examination of the reasons in support of the judgment we shall give, reversing the judgment of the court below, as they will be apparent by reference to our opinion in the case

of Wybrants *vs.* Rice & Nichols. We believe that under the circumstances of the case, Rice & Nichols ought to have been made parties, as essential to the protection of the rights of both Wybrants and Dobbin; and that, until the respective rights acquired by the holder of the note and Rice & Nichols had been adjudicated, the judgment against the garnishee ought to have been enjoined. This may not now be necessary, as the judgment against the garnishee is reversed and he discharged, by the judgment of this court; and when the case goes back, it will be disposed of as though there had been no proceedings against the defendant as garnishee.

The judgment of the court below is reversed, and the cause remanded for further proceedings.