# SUPREME COURT OF TEXAS,

## AUSTIN, 1856.

### JAMES E. BRADY v. GEORGE HANCOCK.

The case of Fulgham v. Chevallier, 10 Tex. R. 518, explained.

It seems that the fact that the defendant in a Justice's Court, against whom judgment was rendered, had at the time a claim against the plaintiff in said Court, which exceeded one hundred dollars, and which he alleges he could not therefore plead in set-off in the Justice's Court, but upon which he now brings suit, is not sufficient ground for an injunction and an account, but it must further appear that the plaintiff in the Justice's Court is insolvent ; or special circumstances of hardship and oppression must be shown.

Where the process of injunction is auxiliary merely to the relief to which the plaintiff is entitled, two suits cannot ordinarily be maintained, one for the injunction, and another for the final relief ; but both the injunction and the final relief must be prayed for in the same suit, otherwise the suit for injunction must be dismissed.

Error from Travis. The transcript was taken out by the attorney for the plaintiff in error, to prepare an application for a re-hearing, and was mislaid.

*E. B. Turner*, for plaintiff in error.

*Hancock & West*, for defendant in error.

LIPSCOMB, J.  George Hancock, the defendant in error, recovered a judgment before a Justice of the Peace, against the plaintiff in error, for a store account, amounting to seventy-five dollars.  The plaintiff in error filed his petition for, and obtained an injunction, enjoining the defendant in error from collecting his judgment.  The petition for the injunction states, that the defendant in error, Hancock, is indebted to the petitioner in the sum of one hundred and eighty dollars, besides interest, evidenced by a promissory note which is now due ; that said Hancock has, up to this time, neglected to pay, or even to satisfy *pro tanto* by the store account, which petitioner had contracted with said Hancock, on the faith that it would be admitted as payment on such note ; that said Hancock has obtained judgment before a Justice of the Peace for the amount of the store account, instead of allowing it to go as a credit on the note ; that petitioner could not plead the note in reconvention, on account of the limited jurisdiction of the Justice of the Peace.  Petitioner further states, that he has placed his said claim against said Hancock in the hands of his attorney, who has brought, or will bring suit thereon against said Hancock to the next Term of the District Court of Travis county. He prays that execution be enjoined until he can get a judgment against Hancock, when it can be set-off.  The injunction was dissolved on exception to the petition, and the petitioner brings the case before us by a writ of error.

We do not believe that the petition discloses sufficient grounds to sustain the injunction.  It ought not to have been allowed, and consequently there was no error in dissolving it, on exception taken to the sufficiency of the petition.

The petition discloses no circumstances of peculiar hardship in the case, to authorize the interposition of the equity jurisdiction of the Court, in his behalf.  He says that Hancock is indebted to him one hundred and eighty-five dollars, evidenced by a promissory note.  He does not say when dated, when due, or to whom made payable.  He does not show any par-

ticular injury he will sustain, if he satisfies the judgment; but places his application for relief on the naked ground, and that vaguely stated, that Hancock is indebted to him. It is a general rule, that an injunction ought not to be granted, if the judgment creditor is clearly solvent. A case of hardship or oppression would form an exception to the rule.

The petition does not show that Hancock knew that petitioner held a note due on him at the time the suit was commenced for a greater amount than the store account, or that Hancock had ever acknowledged the justice of the claim. In the absence of such showing, there was neither hardship nor oppression used towards him, by the suit for the store account. The Reporter's syllabus of the case of Fulgham v. Chevallier, 10 Tex. R. 518, would seem to make an injunction as a matter of course, where the plaintiff in the judgment rendered by the Justice of the Peace is indebted to the defendant in a sum above the jurisdiction of the Justice of the Peace. This is not warranted by either the statement of the case, nor the opinion of the Court. The statement of the case by the Reporter is not full ; if it had been, it would have shown that Chevallier, who obtained the judgments in the Justice's Court, had clearly intended to harrass and oppress his creditor, by bringing the suits, when he knew at the same time there was a large balance against him in favor of the defendant in the Justice's judgments. (See Brown v. Scott, 2 Bibb, 635 ; Pharr v. Reynolds, 3 Ala. R. 521.)

There is another objection to the petition in this case. Petitioner should have brought suit on the note, and in his petition should have prayed an injunction. One suit then would have sufficed, without resorting to two. The judgment is affirmed.

Judgment affirmed.