A. KAPP AND ANOTHER v. T. T. TEEL AND ANOTHER.

1. The rulings in Iglehart v. Moore (21 Texas, 501,) and other cases, approved, to the effect that while a negotiable instrument is current, the maker of it cannot be charged in garnishment.

2. Injunction will lie to stay execution of a judgment rendered by a justice of the peace against a garnishee, on the answer of the latter that he had executed for his indebtedness a negotiable note which was not yet due; and it was error to dissolve the injunction for want of equity in a petition setting up such facts. The justice of the peace had no authority to render judgment against a garnishee who answered to the effect stated, and without further proceedings or proof.

APPEAL from Bexar. Tried below before the Hon. T. H. Stribling.

The judgment of the justice of the peace against the appellants as garnishees was rendered on April 17, 1867. Their petition for injunction was filed August 23, 1867. Besides praying injunction it asked for a *certiorari* to the justice of the peace. No reason why they had not appealed from the judgment, nor why they had not sued out *certiorari* within ninety days, was stated, except that they were not notified by the justice of the peace that judgment had been rendered against them, and they thought and believed that no such judgment had been or could be rendered against them.

*Chandler & Carleton*, and *J. B. Morris*, for the appellants.

No brief for the appellees has reached the Reporter.

OGDEN, J.—The only question presented by the record in this cause, for decision by this court, is as to the right of a judgment creditor to garnishee the maker of a negotiable instrument before maturity, executed and delivered to a judgment debtor. That question has been ably argued, and we think correctly settled, in the causes of Dobbin v. Wybrant, 3 Texas, 457, in Iglehart v. Moore, 21 Texas, 501, and in Willis v. Lyman, 22 Texas, 268 ; and we are not now inclined to attempt to disturb those decisions. It is believed that the answer of Munzenberger to the garnishment showed most clearly that his firm was indebted not to Hess & Co., the payers of the note, but to the holder or indorser of the same, when it should become due ; and that the justice of the peace was without authority, under the law, to enter up a judgment against Kapp & Munzenberger as garnishees, under their answer, and especially as that judgment was rendered before the note became due. The judgment was therefore properly enjoined, and the district court should have perpetuated the injunction ; and

therefore the judgment of the district court is reversed, and this court in rendering such a judgment as should have been rendered in the district court, orders that the injunction be perpetuated and that the appellee pay all costs of this suit.

Reversed and rendered.