**MELTON et al. v. AMERICAN SURETY CO. OF NEW YORK. (No. 6569.)***

(Court of Civil Appeals of Texas. Austin. March 29, 1922. Rehearing Denied April 19, 1922.)

1. **Interpleader ⊜⇒8(2), 22—Surety of insolvent foreign insurance company held entitled, on payment of amount of bond into court, to have claimants interplead and to restrain enforcement of any judgment against it.**

The surety on the bond of a foreign insurance company which had become insolvent, who was being sued in numerous courts in the various counties of the state on claims by policy holders, the amount of which was unknown, is entitled, on payment of the amount of the bond into court, to have the several claimants interplead as to their right to recover against the fund and as to their respective priorities, since the construction of the statute requiring the execution of the bond is reasonably doubtful, and in connection with such interpleader the surety can have the enforcement of judgments secured by the policy holders restrained.

2. **Injunction ⊜⇒16—Remedy at law must be practicable and adequate to prevent injunction.**

It is not enough to prevent an injunction that there be some remedy at law, the remedy must be practicable and adequate.

3. **Judgment ⊜⇒455—Statute restricting jurisdiction to enjoin enforcement of judgment applies only to attack on judgment.**

Rev. St. art. 4653, restricting injunction to stay execution on a judgment to the court where the judgment was rendered, applies only to suits which attack the judgment and not to those in which the enforcement of the judgment is sought to be restrained for some purpose collateral to the subsequent suit.

4. **Interpleader ⊜⇒22—District court can enjoin enforcement of judgment of another court in aid of interpleader.**

The district court, which has jurisdiction of a suit by the surety of an insurance company to have the numerous claimants interplead to determine their right to the fund and their respective priorities, can temporarily enjoin the execution of a judgment rendered in another court against the surety to preserve the fund for proper distribution among all those entitled thereto.

5. **Execution ⊜⇒172(1)—District court having jurisdiction over trust fund can enjoin issuance of execution against it.**

If the amount of the bond deposited by a foreign insurance company is a trust fund for the benefit of the policy holders, a district court having jurisdiction of such trust fund could enjoin execution against it for the administration and protection of the fund, regardless of the requirement of Rev. St. art. 4653, that a suit to enjoin enforcement of a judgment shall be maintainable only in the court where the judgment was rendered.

Appeal from District Court, Travis County; Cooper Sansom, Judge.

Suit for interpleader by the American Surety Company of New York against C. R. Melton and others. From an order granting a temporary injunction, restraining defendants from attempting to enforce payment of judgments recovered against plaintiff, pending determination of the interpleader, defendants appeal. Affirmed.

E. E. Diggs, of Childress, for appellants. Fiset & Shelley, of Austin, for appellee.

BRADY, J. Appellee brought this suit as an interpleader suit, impleading appellants and a large number of other parties, who were alleged to be Texas policy holders and creditors of the Interstate Automobile Insurance Company, organized under the laws of the state of Iowa.

The court granted a temporary injunction, restraining the defendants from enforcing or attempting to enforce the collection or payment of any judgments which may have been recovered, or which may thereafter be rendered against appellee as surety on the bond or bonds of such insurance company, pending the further orders of the court. Upon motion to dissolve, a hearing was had on the sworn pleadings of appellants and appellee. The court refused to dissolve the injunction; from which this appeal has resulted.

As grounds for interpleader and injunction, appellee alleged substantially the following facts: That the insurance company had been granted a permit to transact in Texas a fire and theft insurance business, covering automobiles, for the years ending February 28, 1920, 1921 and 1922; that as required by law, the insurance company executed and filed with the department of insurance three annual bonds in the sum of $10,000 each, with appellee as surety thereon, conditioned for the payment of all the lawful obligations of the principal to citizens of the state of Texas, arising out of policies or contracts issued by it during said respective years; that, on July 15, 1921, the insurance company ceased to do business in Texas, and its permit was canceled; and that, at the time of filing the suit, it was insolvent and was in the hands of a receiver in the state of Iowa. It was further alleged that a large number of citizens of Texas have asserted claims against the insurance

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused May 10, 1922.

company since its withdrawal, and those asserted on policies issued during the year ending February 28, 1921, including the claims of appellants, aggregated over $22,-000; that suits on some of these claims were being simultaneously prosecuted in twelve different courts scattered over the state of Texas; that many other claims were being asserted in various counties of the state, upon which, as far as appellee was advised, suits have not yet been filed. Similar allegations were made with reference to the other years covered by the surety bonds. It was also alleged that there were various other claimants in different counties asserting claims against the insurance company on returned or unearned premiums, or other indebtedness, the nature of which was not known to appellee.

Appellee further alleged that it was in doubt as to the proper construction of the bonds in question, under the terms of the statute, and could not safely determine what the rights of the respective claimants were, particularly with reference to whether the judgment creditors were entitled to preference by reason of priority in time of filing suits or securing judgments, and as to what the rights of other creditors were. It was alleged that, as far as appellee knew, all the claims asserted were valid claims against the insurance company; and that it had no interest in the subject-matter of the litigation, except to occupy the position of an impartial stakeholder, tendering into court the fund subject to the adjudication of the doubtful questions involved, and to secure protection against the possibility of having to pay claims or judgments in excess of the amounts of such bonds.

Specifically with relation to the prayer for injunction, appellee alleged that, unless creditors having judgments, or who might thereafter procure judgments were restrained, the result would be that plaintiff would be subject to harassing and expensive litigation, owing to the simultaneous pendency of such various suits and claims in many courts and counties of the state, and would be subject to the rendition against it of final judgments largely in excess of its liability, and would be further harassed by the levy of executions and attempted collection of such judgments; which hazards it should not be made to suffer, since it was willing to pay the fund into court for the benefit of those entitled to it. Irreparable injury, for which there was no adequate remedy at law, was alleged.

Appellants, on motion to dissolve, invoked the jurisdiction of the district court of Childress county, where they had obtained their judgments, and challenged the jurisdiction of the district court of Travis county to issue an injunction, or to do more than order the writ returned to the district court of Childress county. They also alleged a misjoinder of causes, parties, and actions, and urged the claim that they were citizens of Childress county, and entitled to be sued there. They also alleged that appellee had adequate remedies at law, and that no interpleader could justly lie, under the facts of the case.

There are several questions raised in appellants' brief which we do not deem it necessary or proper to decide in this interlocutory proceeding; for instance, the question whether appellee might properly recover attorney's fees in this suit; the ultimate proper interpretation of the statute under which the surety bond was given as to the relative rights of creditors, and certain other questions suggested.

For the purposes of this appeal, we think there are two controlling questions: First. Were the allegations of appellee's sworn petition sufficient to show a proper case of interpleader? Second. Had the district court of Travis county jurisdiction to issue and hold in effect, the temporary injunction pending a decision on the merits?

[1] We think the first question must be answered in the affirmative, under the principles announced in the following cases: Williams v. Wright, 20 Tex. 500; Nixon v. Ins. Co., 100 Tex. 251, 98 S. W. 380, 99 S. W. 403; Bolin v. Ry. Co. (Tex. Civ. App.) 61 S. W. 444; Nixon v. Malone (Tex. Civ. App.) 95 S. W. 577; Williams v. Simons (Tex. Civ. App.) 235 S. W. 257. In the Nixon Case, 100 Tex. 251, 98 S. W. 380, 99 S. W. 403, the Supreme Court recognized the rule that, while the circumstances of the case must be such as to place the stakeholder in some real doubt or hazard to entitle him to the remedy of interpleader, yet the remedy is so beneficial and just that any reasonable doubt as to his right to an interpleader will be resolved in his favor.

The allegations in the bill in this case show all the essentials of a disinterested stakeholder, holding a fund and owing a duty which he is willing to submit to the judgment of the court, as between conflicting claimants. The averments are sufficient to show such a reasonable doubt, on the facts and the law, as to who is entitled to the fund, and as to the relative rights of creditors, that the plaintiff is entitled to the protection of a court of equity.

[2] We have indicated that we do not think it necessary to place a final interpretation upon the statute under which the surety bond was given in this interlocutory proceeding. It is sufficient at this juncture of the case to determine whether the statute is so ambiguous, or is so susceptible of different interpretations as reasonably left appellee in doubt as to the obligations of its contract, and as to the hazards to which it

might be subjected, by reason of pending suits and of claims of judgment creditors seeking preference over other creditors. A careful reading of the statute convinces us that the view most favorable to appellants is that the statute is of doubtful construction, and that appellee is entitled to the protection of a court of equity to prevent possible conflicts of decision in the trial courts in different jurisdictions, and because of the great difficulty of procuring relief by the pursuit of other remedies. It is true that injunction will not ordinarily lie where there is an adequate remedy at law; but it is not enough that there be some remedy at law—such remedy must be practicable and adequate. We think appellee has made a sufficient showing for equitable relief, both by interpleader and injunction preserving the statu quo, especially as it makes no attack upon any judgment or claim of any creditor. The action, as brought, inures not only to the benefit of appellee, but to all parties interested in the fund in question, whose rights and interest can be most justly co-ordinated, classified, and protected in an interpleader suit, where all creditors can present their claims and secure the protection to which they are respectively entitled, as well as to fully protect the surety company.

[3] As to the second question, we think that also should be answered in the affirmative. It is true that article 4653, Revised Statutes, provides that writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. But it is not believed that this statute is applicable to a case such as this. The plaintiff has properly invoked the remedy of interpleader, in a court of competent jurisdiction and proper venue, and the court, for the protection of its equitable jurisdiction, has enjoined the collection of a judgment rendered by another court, pending the disposition of the interpleader case on its merits. In the following cases it has been held that the statute is not inflexible, and does not apply, in cases apparently within the letter of the statute: Ins. Co. v. Klaras (Tex. Com. App.) 222 S. W. 208; Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578; Leachman v. Capps, 89 Tex. 690, 36 S. W. 250; Kruegel v. Rawlins (Tex. Civ. App.) 121 S. W. 216; Ketelsen v. Pratt (Tex. Civ. App.) 100 S. W. 1172; Baker v. Crosbyton, etc., Ry. Co., 107 Tex. 566, 182 S. W. 287; Long v. Knott (Tex. Civ. App.) 203 S. W. 1127.

The reason and spirit of the statute in question is succinctly stated in the case of Van Ratcliff v. Call, supra, as follows:

"But the law requiring a suit to 'enjoin the execution of a judgment to be brought in the county of its rendition' evidently applies to suits attacking the judgment, questioning its validity, or presenting defenses properly connected with the suit in which it was rendered and which should have been adjudicated therein. It has no application to parties who do not sue to stay or enjoin the execution primarily of the judgment, as contemplated by the statute."

[4] While not analogous on the facts, the doctrine just quoted from this decision by the Supreme Court appears to be in point. In the instant case there is no attack upon the judgments; nor does the appellee in any way question their validity nor seek to prevent the collection of the same out of any fund to which appellants can properly look for satisfaction. In truth, if appellants should ultimately show that they are entitled to be paid out of the fund in question, it is available to them, with any preferences to which they may be entitled, in the interpleader suit, where all parties can be heard and their rights determined.

An instructive case, and one very much in point on the facts, it being an interpleader suit, is that of Ins. Co. v. Klaras (Tex. Com. App.) 222 S. W. 208. The district court had issued a temporary injunction enjoining Klaras, who had recovered a judgment in the county court from further proceeding in that court. On appeal, this court held that the district court was without jurisdiction, and that article 4653 applied. While holding that a litigant should not be required to pay the same debt twice, and that to prevent irreparable injury the court having jurisdiction should so exercise the same as to protect the litigant against such possibility, yet this court held it was not necessary to enjoin Klaras from enforcing his judgment in the county court in order to protect the plaintiff or the insurance company in the district court. The Commission of Appeals, however, whose opinion was adopted by the Supreme Court, under facts far less complicated and fraught with far less danger to the plaintiff than are those in the present case, held that the statute was not applicable. The reasons for the holding are so clearly stated and are thought to be so applicable to the present case that we feel justified in quoting from the opinion of Commission of Appeals the following:

"The district court had exclusive jurisdiction both of the main suit and of the garnishment suit. Being clothed with power to do whatever was reasonably necessary for the administration of justice, within the scope of its jurisdiction, and prevent any abuse of its process, it had authority to issue the temporary restraining order. * * * Power to issue the temporary writ presupposes the power to perpetuate it, if necessary to the granting of complete relief. Unless it was the intention of the Legislature in the enactment of the article referred to to take away such power, the dis-

trict court did not err in making perpetual the temporary order.

"We find no evidence of such intention in the language of the statute. One of the evident purposes of its enactment was to afford a means for putting an end to litigation by preventing a defeated party from proceeding from one court to another, after his defeat, or in the hope of avoiding defeat, in an attempt to relitigate the case. It is applicable, as has been often held, in these cases, the sole object of which is to enjoin the enforcement of a judgment. The cases cited by the Court of Civil Appeals in which it was applied are of this character.

"It is a material, and perhaps controlling, fact in this case, that it was not the sole purpose of the injunction suit to restrain the enforcement of the county court judgment, especially in the sense of seeking to impair or destroy it. In fact, the garnishee, in seeking the injunctive relief ancillary to the garnishment suit, admitted liability on the policy sued on in the county court. The primary purpose, from the standpoint of the district court, in issuing the writ, was not to restrain the enforcement of the judgment, but to enforce its own jurisdiction to the end that it might dispense complete justice between the parties and prevent its decrees in the garnishment suit from being rendered ineffectual. It had the right, independent of article 4653, to issue the writ for the purposes stated, and we think it was not within the purview of that article to take away or impair that right.

"Suppose it should be held that the writ was returnable to the county court, and that court should hold the garnishee not entitled to have the restraining order perpetuated; and should proceed, as it did in this case, to render judgment against the garnishee as defendant. Suppose the district court then orders by its judgment in the garnishment suit, as it did, that the amount due on the policy and held in the registry of the court, be paid to the plaintiff in the main suit. Irreconcilable conflict in the trial court judgments would be the result. In such case should both judgments be appealed from by the garnishee, or should he be required to choose one at his peril?

"The law does not contemplate that such an anomalous situation should be made possible in the administration of justice; yet it is not impossible that it should arise if article 4653 is held applicable in the case of an ancillary proceeding such as is before us in this case. * * *

"The Legislature, having in mind to prevent conflicts in the trial court judgments, did not intend that the statute should apply when the effect might be to produce a conflict, nor did it intend that it be applied when to do so might render ineffectual existing remedies. The case we think is not of the class requiring its application."

Referring particularly to the statute, in its relation to the equitable remedy of interpleader, the Commission then says:

"Plaintiff in error's resorting to the remedy of interpleader in this case was not an innovation upon the procedure of this state. It has

240 S.W.—37

long been recognized as correct practice for the garnishee to file an answer in the garnishment suit, admitting the debt, and make the judgment plaintiff in another court a party to the garnishment suit, deposit the money in the registry of the court in which the garnishment is pending, and enjoin the enforcement of the judgment in the other court. Dobbin v. Wybrants, 3 Tex. 457; Westmoreland v. Miller, 8 Tex. 168; Iglehart v. Moore, 21 Tex. 501; Igelhart v. Mills, 21 Tex. 545; Moton v. Hull, 77 Tex. 80, 13 S. W. 849, 8 L. R. A. 722; and numerous other cases. This practice grew up after the passage of the act of which article 4653 was a part (Gammel's Laws, vol. 2, p. 1711, § 152), and we think it should not now be rendered impracticable by the application of the article insisted on by defendant in error. The decisions of the Supreme Court, following soon after the passage of the act, indicate clearly that the Supreme Court did not recognize that such application was intended. Allen v. Menard, 5 Tex. 376; Brady v. Hancock, 17 Tex. 361."

[5] We think it proper to observe that, in the Klaras Case, both courts were held in the same city, and there was but the complication created by the pendency of two suits, while here the suits were instituted and were pending, or had been pending, in many courts scattered over many counties of the state, and the questions involved in the construction of the bonds were so many and so doubtful as to make it practically impossible for the appellee to safely make a choice among the multitude of its claimants, for the disposition of the sum of money confessedly inadequate to pay them all. For the reasons indicated, we feel constrained to hold that article 4653 is not applicable to this case, and offers no obstacle to the jurisdiction of the trial court.

There is another reason suggested by counsel for appellee in their brief why the injunction should not be dissolved, and that is that, in view of the allegations of the bill to the effect that the insurance company had withdrawn from the state; that its permit had been canceled; that it was insolvent and in the hands of a receiver, together with the other allegations concerning the funds represented by the bonds in question, the same constituted trust funds for the benefit of the Texas policy holders of the insurance company, and are not subject to execution or other process which would give one creditor preference over another in the same situation. It is therefore urged that, notwithstanding appellants' judgments, they are not entitled to have the same executed as against appellee, as the custodian of trust funds, to the exclusion of other creditors; and article 4653 for this further reason is not applicable.

Without deciding that the funds in question are under the terms and spirit of the

statute "trust funds" in the circumstances alleged, we refer to the following authorities as tending to support this view: Orr v. Thompson, 89 Tex. 502, 35 S. W. 473; Oglesby v. Durr (Tex. Civ. App.) 173 S. W. 275, a decision by this court, in which the opinion was written by Mr. Justice Rice. The facts are quite analogous, and if it should ultimately be decided that the proper construction of the statute, upon the insolvency of the insurance company, is to make the funds represented by the surety bond a trust fund for all creditors alike, then clearly article 4653 would have no application. The object and effect of the injunction issued by the trial court would not be primarily to enjoin the execution of a judgment, but to preserve and protect its equitable jurisdiction over the issues involved in the interpleader suit and for the protection and administration of the trust fund. We think the question is at least involved in such doubt as to have authorized the trial court to issue the injunction.

The judgment will be affirmed.

Affirmed.