**GREAT SOUTHERN LIFE INS. CO. v. KIN-
NEY et al. (No. 266.)**

(Court of Civil Appeals of Texas. Waco.
Oct. 22, 1925.)

**1. Interpleader ⊙⟳1—Remedy is allowed as a
substantial right to complainant who invokes
same.**

Remedy of interpleader is allowed as a sub-
stantial right to complainant who, under prop-
er circumstances, invokes same.

**2. Interpleader ⊙⟳8(2)—Any reasonable doubt
as to right of stakeholder to file interpleader
will be resolved in his favor.**

While circumstances must be such as to
place stakeholder in some real doubt or hazard
in passing and acting on conflicting claims to
entitle him to file a bill of interpleader, any
reasonable doubt as to his right thereto will
be resolved in his favor.

**3. Interpleader ⊙⟳1—Purpose of remedy of in-
terpleader stated.**

It is purpose of remedy of interpleader to
protect innocent stakeholder, willing and ready
to pay funds in his hands to party entitled to
receive same, not only from a double recovery,
but also from expense and vexation attending
defense of such suits as may be brought against
him by rival claimants.

**4. Guardian and ward ⊙⟳62—Guardian with-
out lawful authority to agree to division of
proceeds of life insurance policy so as to
bind her ward.**

A guardian is without lawful authority to
agree to a division of proceeds of a life in-
surance policy between her ward and herself so
as to bind such ward.

**5. Interpleader ⊙⟳19—Alternative beneficiary
held properly interpleaded to determine her
rights to proceeds of life insurance policy.**

Where proceeds of life insurance policy
were claimed by divorced wife of insured, both
in her individual capacity and as guardian for
alternative beneficiary, latter *held* properly in-
terpleaded by insurer, since guardian could not
represent her, where guardian's right to a
part of proceeds of policy as against such bene-
ficiary was to be determined.

**6. Interpleader ⊙⟳8(2)—Insurer held entitled
to interplead several claimants of proceeds of
life insurance policy.**

Where proceeds of life insurance policy,
payable to insured's wife and in alternative to
his daughter, were claimed by heirs of insured
by his first wife, and wife named in policy as
creditor, she having been divorced, which
claim she did not waive until trial began, when
for first time she claimed entire proceeds of
policy on behalf of alternative beneficiary, *held*
to justify a reasonable doubt by insurer as to
parties lawfully entitled to receive proceeds,
and a reasonable apprehension of being called
upon to defend suits instituted against it by
rival claimants, thereby entitling it to inter-
plead the several claimants of the proceeds of
the policy.

Appeal from District Court, Hill County;
Horton B. Porter, Judge.

Bill of interpleader by the Great Southern
Life Insurance Company against Lily Kinney
and others. From an adverse judgment,
plaintiff appeals. Reversed and rendered.

Vinson, Elkins, Sweeton & Weems, of Hous-
ton, for appellant.

Wear, Wood & Wear and Collins, Dupree &
Crenshaw, all of Hillsboro, for appellees.

GALLAGHER, C. J. The American Home
Life Insurance Company issued a policy in-
suring the life of John A. McCrory in the sum
of $1,000. Appellant, Great Southern Life
Insurance Company, assumed said policy and
agreed to pay any loss thereunder which
might occur. Mrs. Lily McCrory, wife of the
insured, was named as beneficiary in said
policy. On February 5, 1921, the insured and
said beneficiary joined in a request that the
designation of beneficiary in said policy be
changed so as to make the loss payable to
said "Lily McCrory (relationship wife) if
surviving, otherwise to Johnie June Mc-
Crory, daughter of the insured." Such
change of beneficiary was subsequently made
by indorsement on said policy. John A. Mc-
Crory and his said wife, Lily McCrory, were
divorced April 2, 1921. Mrs. Lily McCrory
subsequently married John Kinney. John A.
McCrory died August 4, 1923. Mrs. Lily Kin-
ney qualified as guardian of Johnie June Mc-
Crory, a minor, and filed proofs of death or
loss under said policy. There was a loan on
the policy, which by its terms was to be de-
ducted from the face thereof. In said proofs
she admitted the right of appellant to deduct
the amount of the loan from the face of the
policy, and claimed the remainder in part in
her own right to reimburse her for certain
premiums which she claimed to have paid on
said policy, and in part in her capacity as
guardian of Johnie June McCrory. Said
proofs of loss were submitted to appellant on
or about October 3, 1923. John A. McCrory
had several children by a prior marriage and
these children contended that in as much as
said policy was made payable to Lily Kinney
if she survived the deceased, and inasmuch as
she did survive him but no longer had an in-
surable interest in his life after such divorce,
that the proceeds of such policy should be
divided among all the children of the de-
ceased as his heirs at law, and so notified ap-
pellant early in September, 1923. On October
29, 1923, appellant filed this suit as a bill of
interpleader, admitting liability on said pol-
icy in the sum of $805.90, and averring that it
was ready and willing to pay said sum to
whoever was entitled to receive the same.

Appellant made all the children of McCrory
by his first wife, Johnie June McCrory, his
child by his second wife, Mrs. Lily Kinney,

in her individual capacity, and as guardian of Johnie June McCrory, and John Kinney, husband of said Mrs. Lily Kinney, parties defendant in said bill. Appellant set up the conflicting claims above recited, averred that it did not know who was in fact entitled to receive the money payable on account of said policy, and was unable to determine such issue, and offered to pay the same into court. Appellant further prayed for citation to all said defendants to appear and show what claim, if any, they severally had to said money, and that on final hearing it be discharged from liability on account of said policy as to each and all of said defendants. Appellant filed amended bill, amplifying its allegations and making the administrator of John A. McCrory, deceased, a party defendant therein. Appellant also paid said sum of money into the registry of the court, and there is no specific complaint in the record of the time or manner of making such payment.

Mrs. Lily Kinney, joined pro forma by her husband, in her own behalf and also as guardian of her said ward, filed a cross-action in this cause, in which she denied the right of the children of the first wife of the deceased to recover anything, and asserted her right to recover in her own behalf the sum of $117.94, and her right to recover in behalf of her said ward the remainder of said sum of $805.90 so admitted to be due. She also demanded the statutory penalty of 12 per cent. on the amount due under said policy and attorney's fees for prosecuting her said cross-bill. All the children of the first wife of the deceased and the administrator of his estate joined in filing a disclaimer of any right to any part of the proceeds of said policy. There was a trial before the court on the issue of the right of appellant to file a bill of interpleader and on the demand for recovery made in said cross-bill. Appellant proved that the children of John A. McCrory by his first wife denied the validity of the loan made by it on the policy, and asserted a right to share in the proceeds of such policy; that they employed counsel to represent them before the filing of said bill of interpleader; that their counsel made considerable investigation, and was unable to find any authority on the question of whether under the facts in this case all the children of John A. McCrory were entitled to participate in the proceeds of the policy, or whether such proceeds were legally payable exclusively to Johnie June McCrory, the alternate beneficiary; that while he first thought that his clients were probably entitled to share in the proceeds of said policy, he finally reached the conclusion that they could not do so, but that he was not certain such conclusion was a correct one—that he did not know. It was admitted on the trial that appellant was entitled to deduct the amount alleged to have been loaned by it on policy, and it was agreed that $200 was a reasonable attorney's fee for filing the bill of interpleader in this case. At the trial Mrs. Kinney waived her right to an individual recovery, and agreed that any recovery by her in said action should be in her capacity as guardian, for the sole use and benefit of her said ward. The court rendered judgment declaring no sufficient cause for the filing of said bill of interpleader existed, and awarding a recovery against appellant in favor of Mrs. Kinney in her capacity as guardian of said ward for said sum of $805.90, and for the further sum of $96.70, being 12 per cent. of said recovery, as damages, and the further sum of $200 as attorney's fees, together with all costs incurred. Said judgment further provided that appellant take nothing against the children of the first wife of the deceased nor the administrator of his estate, and that they go thence without day and recover their costs. Said judgment further provided that Lily Kinney, joined by her husband, John Kinney, take nothing in her individual capacity. This judgment is before us for review.

[1-6] The remedy of interpleader is efficacious and wholesome, and is allowed as a substantial right to the complainant who, under proper circumstances, invokes the same. Hall v. San Jacinto State Bank (Tex. Civ. App.) 255 S. W. 506, 509, and authorities there cited. While the circumstances must be such as to place the stakeholder in some real doubt or hazard in passing and acting upon the conflicting claims to entitle him to such remedy, it is so beneficial and so just that any reasonable doubt as to his right thereto will be resolved in his favor. Nixon v. New York Life Ins. Co., 100 Tex. 250, 263, 98 S. W. 380, 99 S. W. 403, and authorities there cited; Williams v. Simon (Tex. Civ. App.) 235 S. W. 257. It is the purpose of the remedy of interpleader to protect an innocent stakeholder, willing and ready to pay the fund in his hands to the party or parties entitled to receive the same, not only from a double recovery, but also from the expense and vexation attending the defense of such suits as may be brought against him by rival claimants. Williams v. Wright, 20 Tex. 500, 503. The pivotal issue in this case is whether the facts alleged and proved herein were sufficient to justify a reasonable doubt on the part of appellant as to the party or parties lawfully entitled to receive the proceeds of the policy, and a reasonable apprehension of being called upon to defend suits instituted against it by rival claimants. Appellant was not required to decide doubtful questions of either fact or law at its peril. It was shown by the evidence that a capable lawyer had made diligent search, and had been unable to find any authority decisive of the merits of the conflicting claims asserted in this case. In addition to the claim of the heirs of McCrory by his first wife, Mrs. Kinney was

claiming a part of the proceeds of the policy as a creditor. This claim involved issues both of law and fact. She was without lawful authority to agree to a division of the proceeds of the policy between her ward and herself so as to bind such ward. Fortune v. Killebrew, 86 Tex. 172, 23 S. W. 976; Lumsden v. C. R. I. & T. Ry. Co., 23 Tex. Civ. App. 137, 56 S. W. 605; G. C. & S. F. Ry. Co. v. Lemons (Tex. Civ. App.) 152 S. W. 1189, 1191 (reversed by Supreme Court on the issue of ratification, 109 Tex. 244, 206 S. W. 75, 5 A. L. R. 943). Appellant not only made the children by the first wife and Mrs. Kinney, both in her individual capacity and as guardian, parties to its bill of interpleader, but it also made her ward, Johnie June McCrory, a party thereto in her own proper person. Such action was proper and necessary to its protection, because Mrs. Kinney could not represent her ward in this suit, where her right to a part of the proceeds of the policy as against such ward was to be determined. Sandoval v. Rosser, 86 Tex. 682, 685, 686, 26 S. W. 933; Kidd v. Prince (Tex. Com. App.) 215 S. W. 844. Johnie June McCrory was therefore not only a proper party to this suit, but she was a necessary party thereto, at least until her guardian in open court waived her claim to participate personally in the proceeds of the policy. This it appears she did not do until the trial of this case was begun. Then, for the first time, she claimed the entire proceeds of the policy for and on behalf of her ward. The proceeds of such policy had already been deposited in the registry of the court. There was then no contention that she was not entitled thereto. While the dual capacity in which she had theretofore claimed the proceeds of the policy was not stressed, it was set up in both appellant's original and amended bills. We think appellant was, under the undisputed evidence in this case, entitled to interplead the several claimants of the proceeds of said policy, as it did do. In addition to the authorities above cited, we refer to the following: Nixon v. Malone (Tex. Civ. App.) 95 S. W. 577; Rochelle v. Pacific Express Co., 56 Tex. Civ. App. 142, 120 S. W. 543; Melton v. American Surety Co. (Tex. Civ. App.) 240 S. W. 574, 575 (writ refused).

The judgment of the trial court is reversed, and judgment is here rendered that Mrs. Lily Kinney, in her capacity as guardian of the minor, Johnie June McCrory, do have and recover of and from the appellant, Great Southern Life Insurance Company, a corporation, the sum of $805.90, being the amount due on said policy and tendered into court by appellant, less an attorney's fee hereinafter allowed appellant for filing its bill of interpleader in this case. It is further ordered that said judgment be paid out of the money deposited by appellant in the registry of the court in this cause. It is further ordered that none of the other parties defendant in said bill take anything against appellant. Appellant is allowed the sum of $200, agreed by the parties to be a reasonable fee for filing its bill of interpleader in this case, to be paid out of the money in the registry of the court as aforesaid.