## VAN SLYCK v. DALLAS BANK & TRUST CO. et al.

### No. 11188.

Court of Civil Appeals of Texas. Dallas.

Dec. 12, 1931.

Rehearing Denied Jan. 16, 1932.

John W. Craig and K. Van Slyck, both of Dallas, for relator.

J. L. Lipscomb and McBride, O'Donnell & Hamilton, all of Dallas, for respondents.

LOONEY, J.

This is an original application by K. Van Slyck, as relator, against Hon. Towne Young, judge of the Forty-Fourth district court of Dallas county, Hon. J. Balie Finks, district clerk of Dallas county, and Dallas Bank & Trust Company, successor to Dallas National Bank, for writs of prohibition and mandamus.

The application is based on the following facts: On September 7, 1929, E. V. Ashworth recovered judgment in the Fourteenth judicial district of Dallas county against the Dallas National Bank, for the sum of $1,607.82, which was affirmed by this court [see Dallas Nat. Bank v. Peaslee-Gaulbert Co., 35 S.W. (2d) 221], and on November 11, 1931, the Supreme Court having refused to take jurisdiction, mandate issued. On November 2, 1931, Dallas Bank & Trust Company, successor to the rights and liabilities of the Dallas National Bank, filed in the Forty-Fourth judicial district court of Dallas county a petition seeking the remedy of interpleader, alleging in substance that, after the rendition of judgment in favor of Ashworth against the Dallas National Bank, the latter was dissolved, and that petitioner (Dallas Bank & Trust Company) acquired title to and possession of the assets of the dissolved corporation, and assumed and became liable for all its liabilities, including the Ashworth judgment; that the cause of action on which Ashworth recovered judgment was for labor and material furnished by him under a subcontract with general contractors, who erected an office building for Dallas National Bank, and that the Union Indemnity Company of New Orleans, La., became surety for Ashworth on a bond

given to secure the faithful performance of his contract with the general contractors; that at the time the bond was executed Ashworth granted, set over, and conveyed to the indemnity company all the money due him on said contract, and the proceeds to be derived therefrom, and that, under said assignment, the indemnity company claimed the entire proceeds of the Ashworth judgment; that notice to that effect was served on the Dallas Bank & Trust Company by attorneys for the indemnity company. Among other things, the notice stated: "We are advised that in the above styled suit E. V. Ashworth has recovered judgment for sums due for work on this building and we as attorneys and agents of the Union Indemnity Company give you notice of the assignment of such funds to the Union Indemnity Company and hereby respectfully request that you do not pay said money or any part thereof to any person other than the Union Indemnity Company." The bank also alleged in its bill for interpleader that, long prior to the final disposition by the Supreme Court of the case in which Ashworth recovered judgment, Leachman & Gardere, Ashworth's attorneys in the litigation, gave the bank notice that they claimed half interest in the proceeds of the judgment, and asserted an attorney's lien; that the relator, K. Van Slyck, is also claiming to own the judgment under a transfer executed by Ashworth, and demands of the Dallas Bank & Trust Company that payment of same be made to him. Being thus apprised of the conflicting claims, Dallas Bank & Trust Company filed its bill of interpleader, making the indemnity company, E. V. Ashworth, K. Van Slyck, and Leachman & Gardere defendants, acknowledging validity of the judgment and liability for its payment, paid into the registry of court the full amount due thereon, and prayed that the rival claimants be cited, required to interplead and assert their rights, to the end that the court might determine the issues presented and order the fund paid out accordingly, and by decree declare the Ashworth judgment satisfied; etc. On November 13, 1931, the bank filed an amended petition making J. Balie Finks, district clerk, defendant, alleging, in addition to the allegations of the original bill, that defendant Van Slyck, with full knowledge of the pendency of the interpleader suit, and of the payment by the bank of the amount due on the Ashworth judgment into the registry of court, was endeavoring to procure the issuance of an execution on the judgment, representing to the district clerk that he would be in contempt of the Court of Civil Appeals (this court) should he refuse to issue the writ, and that the clerk was threatening to issue the writ, as demanded by Van Slyck, which, if done, would interfere with the jurisdiction of the court and result in injury to petitioner; wherefore the bank sought and obtained a temporary writ restraining Van Slyck from procuring, and the district clerk from issuing, execution on the Ashworth judgment, etc.

In this status, Van Slyck filed the original application under consideration, alleging the facts in substance as they appear above, in which he seeks a writ of prohibition, the effect of which will be to stay the prosecution of the interpleader suit, and also for mandamus to compel the district clerk to issue execution on the Ashworth judgment.

The application is based on the general ground that the bill for interpleader is devoid of equity, that the injunction invaded the jurisdiction of this court, and that the judge of the Forty-Fourth district court was without power to grant the injunction staying the issuance of execution on the Ashworth judgment.

■■ We think the bank's bill contained sufficient equities to invoke the remedy of interpleader. The validity of the Ashworth judgment was not challenged; on the contrary, the bank acknowledged liability for its payment, and, by appropriate allegations, disclosed that several were claiming its proceeds, or an interest therein, under distinct titles derived from Ashworth; that notice of these claims had been served upon and payment demanded of the bank by each claimant; and, not knowing to whom payment should be made, the bank paid into the registry of court the amount of the judgment, and the different claimants were brought before the court with the prayer that they be compelled to interplead so the court could adjudge to whom the fund belongs.

In our opinion, the bill clearly stated a cause of action. The doctrine applicable to such a situation is announced in 33 C. J., p. 427, section 11, as follows: "Where two or more persons severally claim under different titles, derived from a common source, the same debt or thing from another who, not claiming any title or interest therein himself, and not under independent liability to either of the claimants, and not knowing to which of the claimants he ought of right to render the debt or duty claimed, or to deliver the property in his custody, is either molested by an action or actions brought against him or fears that he may suffer injury from the conflicting claims of the parties, such debtor or person in possession is entitled to the remedy of interpleader."

This rule has been frequently applied in this state. See Williams v. Wright, 20 Tex. 503; Zachary v. Gregory, 32 Tex. 452; Foy v. East Dallas Bank (Tex. Civ. App.) 28 S. W. 137; Bolin v. St. Louis, etc., R. Co. (Tex. Civ. App.) 61 S. W. 444; Beilharz v. Illingsworth, 62 Tex. Civ. App. 647, 132 S. W. 106, 110; Melton v. American Surety Co. (Tex. Civ. App.) 240 S. W. 574, 575; Nixon v. Malone, 100 Tex. 250, 265, 98 S. W. 380, 99 S. W. 403.

The fact that the debt is evidenced by judgment does not alter the rule the bank is entitled to be protected from having to pay more than once, also from vexation incident to the importunity of rival claimants. See Dobbin v. Wybrants, 3 Tex. 457; Westmoreland v. Miller, 8 Tex. 168, 169; North British, etc., Co. v. Klaras (Tex. Com. App.) 222 S. W. 208; Melton v. American Surety Co. (Tex. Civ. App.) 240 S. W. 574.

The rights asserted by these claimants were neither involved nor adjudicated in the suit in which Ashworth recovered judgment against Dallas National Bank; the Dallas Bank & Trust Company neither questions the validity of, nor does it seek to defeat, the judgment; on the contrary, admits liability for its payment, and is anxious to do so when payment can be made with safety; therefore its attitude is that of an impartial stakeholder.

■■ The insistence (of relator) that the Forty-Fourth district court was without power under the statutes (article 4656) to grant the temporary writ prohibiting the issuance of execution on the judgment rendered in the Fourteenth district court is, in our opinion, untenable. This statute applies only to suits that attack or question the validity of a judgment, or where matters are urged that were or should have been adjudicated in the suit that resulted in the rendition of the judgment attacked. The case is clearly within, and ruled by, the doctrine announced in Melton v. American Surety Co. (Tex. Civ. App.) 240 S.W. 574, and authorities there cited. We are of opinion that neither the interpleader suit nor the temporary writ issued by the court trenches upon or invades the jurisdiction of this court; therefore the application of relator is denied.

Denied.