## GILLESPIE et al. v. CITIZENS NAT. BANK OF WEATHERFORD et al.

### No. 4971.

Court of Civil Appeals of Texas. Texarkana.

June 30, 1936.

Rehearing Denied Sept. 3, 1936.

W. J. Garrett, of Jacksonville, and B. B. Perkins and Thos. Shearon, both of Rusk, for relators.

Preston Martin, of Weatherford, Jas. R. Boyd, of Austin, J. E. Childers, of Abilene, and Oren Parmeter, of Dallas, for respondents.

JOHNSON, Chief Justice.

This is an original application by J. W. Gillespie and C. A. Ploag, residents of Cherokee county, as relators for writs of prohibition and injunction against Hon. J. E. Carter, judge of the 43d district court of Parker county; Hon. E. L. Parish, judge of the 119th district court of Runnels county; the Citizens National Bank of Weatherford, Parker county; the Citizens Mutual Life & Accident Association of Texas, a corpora-

tion, of Parker county; and the Lone Star State Life Insurance Company, a corporation, of Parker county.

The application is based upon the following facts:

"On June 23, 1932, relators recovered a judgment for $1,000 against the Citizens Mutual Life & Accident Association of Texas, in the district court of Cherokee county in cause No. 11315, styled J. W. Gillespie et al. v. Citizens Mutual Life & Accident Association of Texas, on a policy or certificate of insurance issued by said association. No appeal was taken and the judgment became final. Executions were issued thereon, and unsuccessful attempts made to collect the judgment.

"On September 21, 1934, a writ of garnishment was served upon the Citizens National Bank of Weatherford, returnable January 7, 1935, to the district court of Cherokee county, in the garnishment suit based upon said judgment, and styled J. W. Gillespie et al. v. Citizens National Bank of Weatherford, No. 13032 on the docket of said court. On December 13, 1934, the bank answered, showing that it had on hand funds of the Citizens Mutual Life & Accident Association in the sum of $1,000, deposited by said association on December 23, 1933, with notation on the deposit 'not subject to check except by due process of law.' It appears that the deposit had been so made by the Citizens Mutual Life & Accident Association in compliance with the provisions of Acts of 1933, 43d Legislature, page 856, chapter 245, § 4, being now article 4859f, § 4, Vernon's Texas Civil Statutes (Centennial Ed.).

"On January 7, 1935, the Citizens Mutual Life & Accident Association of Texas filed a suit in the district court of Cherokee county, Tex., cause No. 13180, styled Citizens Mutual Life & Accident Association v. J. W. Gillespie and C. A. Ploag, seeking to enjoin enforcement of and to set aside the judgment previously rendered against said association in said cause No. 11315. A temporary injunction was issued on the petition. On February 16, 1935, Gillespie and Ploag having answered, the cause was heard on the merits, and judgment entered refusing to set aside the judgment on cause No. 11315, or to enjoin its enforcement. The temporary restraining order theretofore issued was dissolved. The Citizens Mutual Life & Accident Association of Texas appealed from this judgment by giving a cost bond. No supersedeas bond was filed in the cause.

"On February 16, 1935, the garnishment suit was heard and judgment rendered against the Citizens National Bank of Weatherford, garnishee, and in favor of Gillespie and Ploag for the sum of $1,000 (allowing the garnishee its costs and attorney's fees, and staying execution of the garnishment judgment until final disposition of cause No. 13180 on appeal). No appeal was taken from this garnishment judgment rendered against the bank as garnishee.

"On March 19, 1936, cause No. 13180, same being appeal No. 4971 on the docket of this court, the judgment of the trial court, refusing to enjoin execution of or to set aside the judgment in cause No. 11315, was by this court affirmed. Citizens Mutual Life & Accident Ass'n of Texas v. Gillespie et al. (Tex.Civ.App.) 93 S.W.(2d) 200. No application for writ of error was applied for, and the mandate of this court was duly issued."

On March 19, 1936, the Citizens National Bank of Weatherford filed in the 43d district court of Parker county a suit in interpleader against J. W. Gillespie and C. A. Ploag; the Citizens Mutual Life & Accident Association of Texas; Lula Frances Ragle, a resident of Floyd county; Abbie Kennison, a resident of Runnels county; and Rex Z. Howard, a resident of Tarrant county, as defendants. The petition alleged, in substance, the facts as above stated, and further shows that, after the bank was served with the writ of garnishment and judgment had been taken against it as garnishee in the above-mentioned suit of Gillespie and Ploag in the district court of Cherokee county, three other writs of garnishment were served upon it, namely, on August 21, 1935, a writ of garnishment was served upon it, issued out of the county court of Floyd county in cause No. 887, styled Lula Frances Ragle v. Citizens National Bank of Weatherford, Garnishee; on December —, 1935, it was served with a writ of garnishment issued out of the district court of Runnels county in cause No. 3944, styled Abbie Kennison v. Citizens National Bank of Weatherford, Garnishee; on January 23, 1936, it was served with a writ of garnishment issued out of the county court at law No. 2 of Tarrant county in cause No. 34412, styled Rex Z. Howard v. Citizens National Bank of Weatherford, Garnishee.

The petition further alleged "that the above-mentioned $1,000 is all, and the only $1,000 ever deposited in said bank by the defendant Citizens Mutual Life & Accident Association of Texas"; and that all said defendants in its interpleader suit are claiming some interest in said $1,000; that plaintiff bank disclaims any interest in the $1,000 and tenders it into court and prays that the court enter a proper judgment protecting plaintiff's rights in the matter of payment of the money; and that it be allowed a fee of $200 for bringing and prosecuting this bill of interpleader, and for costs.

After the filing of the above suit of interpleader by the bank, and on March 26, 1936, it appears that the bank was served with another writ of garnishment issued out of the district court of Parker county in cause No. 9262, styled Dudley Johnson et al. v. Citizens National Bank of Weatherford, Garnishee. In which suit the bank, in addition to its answer to the writ of garnishment, further alleged, substantially, the facts as hereinabove set out, and of the filing and the pendency of its interpleader suit, and also filed a bill of interpleader in that cause, and applied for and·obtained a writ of injunction therein enjoining Gillespie and Ploag from issuing, or causing to be issued, any execution on or the enforcement of the judgment which they had obtained against the bank as garnishee in the district court of Cherokee county, pending final determination of the bank's suit in interpleader.

On February 20, 1936, the Citizens Mutual Life & Accident Association of Texas, by amendment of its charter changed only its name, to that of the Lone Star State Life Insurance Company, and filed in its new name a suit, which it terms a bill of interpleader, in the 119th district court of Runnels county, cause No. 4181, styled the Lone Star State Life Insurance Company v. Rex Z. Howard et al. In which suit Gillespie and Ploag and 22 others are named defendants (the Citizens National Bank of Weatherford is not made a party to this suit). The petition of the Lone Star State Life Insurance Company in said suit alleges, in substance and effect, that plaintiff is indebted to each of said defendants in sums respectively set out in the petition, which total $12,344.60, and that it has $1,025, which it tenders into court, and with which it desires the court to require said defendants to accept in full satisfaction of plaintiff's indebtedness to them, after allowing the plaintiff out of said money tendered into court the sum of $500, which it alleges it has contracted to pay its attorneys for filing and prosecuting the suit, and that the court enter an order distributing the remainder among the defendants and that plaintiff be relieved of all further liability.

Whereupon relators Gillespie and Ploag on April 20, 1936, filed this application in this court for an order prohibiting and enjoining respondents from taking any further action or entering any order or judgment in said interpleader suits or injunction proceeding, in so far as may affect the rights of relators, except an order of dismissal. On consideration of relators' verified petition, this court entered a temporary injunction against respondents, except Judge Carter and Judge Parish, and set the matter for hearing, after notice. Upon hearing in this court, the facts were developed substantially as above 'set out.

In support of their petition relators make the ·following contentions, stated in substance:

"(1) That the injunction issued out of the district court of Parker county based on respondent bank's interpleader suit in that court, enjoining execution of relators' judgment rendered in the district court of Cherokee county, is in violation of the terms of article 4656, R.S., providing: 'Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, should be returnable to and tried in the court where such suit is pending, or such judgment was rendered. * * *'

"(2) That respondents' interpleader suits show on their face to be and are without support in fact and in law, therefore constitute an unlawful interference with the execution and enforcement of relators' judgment, because: (a) That by reason of the priority in time of service and judgment foreclosing relators' garnishment lien against the bank relators' right to the $1,000 has become fixed as clearly superior and exclusive, leaving no room for doubt or hazard in its payment; (b) that the statute furnishes to the bank an adequate legal remedy by way of answer to the subsequent writ of garnishment; (c) that the claims of the several claimants do not relate to the same debt or property."

In circumstances authorizing the right to invoke the remedy of interpleader and where it has been properly invoked, the court in which such interpleader suit is pending may enjoin collection of a judgment or judgments which have been ren-

dered in favor of any of the claimants in other courts. In such cases it is held that the provisions of article 4656, R.S., do not apply. Melton v. American Surety Co. (Tex.Civ.App.) 240 S.W. 574, and authorities there cited; Van Slyck v. Dallas Bank & Trust Co. (Tex.Civ.App.) 45 S.W.(2d) 641; 25 T.J. 59, § 9. Therefore, if the petition of the respondent bank filed in the district court of Parker county is sufficient to invoke the remedy of interpleader, then such suit and the injunction issued thereon may not be held as an unlawful interference with collection of relators' judgment. And in determining the sufficiency of the facts to authorize the remedy of interpleader every reasonable doubt should be resolved in favor of the right to the bill. Nixon v. Malone, 100 Tex. 250, 98 S. W. 380, 99 S.W. 403; Greenwall v. Ligon (Tex.Com.App.) 14 S.W.(2d) 829; Great Southern Life Ins. Co. v. Kinney (Tex.Civ. App.) 276 S.W. 741. On the other hand, one may not make use of that equitable remedy to delay, impair, or defeat the rights of a judgment creditor when there is wanting one or more of the essential elements necessary to maintain the bill of interpleader. The essential elements of the right to invoke the remedy of interpleader, as stated in 25 T.J. § 3, p. 52, are: "Before a person will be deemed to be in a position to ask for an order of interpleader, he must be prepared to show; (1) that he has been subjected to the conflicting claims of two or more persons, and that the claims relate to the same debt or property; (2) that he is liable to one of the claimants but is honestly in doubt as to which of them has the prior right; (3) that he is entirely impartial in the matter; (4) that he has not become independently liable to any of the claimants; (5) that the dispute among the claimants is not due to his fault; (6) and that there exists no adequate remedy other than interpleader."

The facts alleged in the interpleader petition of the respondent bank, as well as the facts developed upon the hearing before us, affirmatively show that no necessity exists for an interpleader suit on the part of the bank, in the particulars wanting of essential elements 2 and 6 above stated. The $1,000 was deposited in the bank in compliance with the provisions of section 4, article 4859f, Vernon's Texas Civil Statutes (Centennial Ed.), "to guarantee the payment of the amount owing by the [insurance] corporation on any valid claim against such corporation for benefits under a policy or certificate after determination by a court of final jurisdiction wherever rendered." The statute further expressly provides: "Said deposit shall be subject to the extraordinary writs of attachment and garnishments as provided by the laws of this State."

In expressly providing that "said deposit shall be subject to the extraordinary writs of attachment and garnishments as provided by the laws of this State," the Legislature left no room for construction or doubt as to the intention to subject the deposit to the rules of law of this state governing writs of garnishment, one of which rules is the well-settled rule of priority as to successive writs. The garnishment prior in time of service is prior in right, and subsequent writs of garnishment cannot impair or affect the rights of the plaintiff acquired under the first writ. 20 T.J. 811, § 83. Relators' judgment against the insurance company was rendered June 23, 1932; their writ of garnishment was served on the bank September 21, 1934; the bank duly answered, showing that it held the fund on deposit; and judgment was rendered thereon foreclosing the garnishment lien on the 16th day of February, 1935. The first one of the subsequent writs was served on the bank on August 21, 1935, 11 months after relators' writ of garnishment had been served on the bank and more than 6 months after judgment had been entered thereon against the bank. Therefore it affirmatively appears that relators' prior right to the fund had been fixed and foreclosed in accordance with the statute long before any of the subsequent writs of garnishment were served upon the respondent bank, thus leaving no room for doubt in fact or in law on the part of the bank as to whom it should pay the fund. Nor is the bank subjected to any hazard of having to pay the debt a second time by reason of the subsequent writs of garnishment. The law furnishes to the bank, as it does to all garnishees, a complete and adequate remedy by way of its answer to such writs.

The petition filed by the insurance company in the district court of Runnels county does not meet any of the essentials of an interpleader suit. We do not know of any grounds, and have been cited to none, upon which such a suit of the insurance company may be sustained, as against the showing that it is an unwarranted interference with the collection of the rela-

314

tors' judgment.

The relators' petition will be granted and an order will be issued prohibiting and permanently enjoining respondents from in any manner prosecuting the interpleader suits or in taking any action therein in so far as the same affects relators, save and except an order of dismissal.