## J. B. ADOUE v. B. S. WETTERMARK.

Application No. 2802. Decided October 11, 1900.

**1. Jurisdiction of Supreme Court—Reversed Case—Conflicting Decisions.**

The decision of the Court of Civil Appeals in this case (55 Southwestern Reporter, 511) holding defendant liable for causing loss of credit and injury to business by levying on plaintiff's interest in a banking partnership, it being alleged that the execution was fraudulently sued out, without judgment to authorize it, levied for the purpose of injuring and destroying the business, and the fact of the levy communicated by defendant to commercial agencies and through them to the commercial world, is not an overruling of previous decisions of the Supreme Court such as will give it jurisdiction over a case which has been reversed and remanded. (Pp. 81, 82.)

**2. Same—Cases Distinguished.**

The rulings in Neese v. Radford, 83 Texas, 585; Trawick v. Martin Brown Company, 79 Texas, 460, and Kirbs v. Provine, 78 Texas, 353, determining, that as a general rule no damages can be recovered for a wrongful levy upon land, where actual possession is not taken; and that loss of credit is not an element of actual damages in actions to recover for wrongful levy upon the stock in trade of a merchant, presented a different question from that ruled on by the decision of the Court of Civil Appeals in this case. (Pp. 81, 82.)

**3. Same—Indirect Overruling.**

Quaere: As to whether a decision of the Court of Civil Appeals which indirectly or by argument overrules previous decisions of the Supreme Court will give the latter jurisdiction over a remanded cause. (P. 82.)

APPLICATION for a writ of error to the Court of Civil Appeals for the First District, in an appeal from Nacogdoches County.

Wettermark sued Adoue and Campbell. The suit was dismissed in the trial court as to Campbell, on his exceptions sustained, and as to Adoue, on his plea to be sued in the county of his residence.

Wettermark appealed and questions were certified to the Supreme Court for decision. See Wettermark v. Campbell, 93 Texas, 517. The Court of Civil Appeals then reversed and remanded the case, and Adoue applies for writ of error.

GAINES, CHIEF JUSTICE.—In this case the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. The applicant for the writ of error, in order to take the case out of the general rule and to show jurisdiction in this court to grant the writ, claims that the decision of the Court of Civil Appeals overrules the decision of this court in the following cases: Neese v. Radford, 83 Texas, 585; Trawick v. Martin-Brown Co., 79 Texas, 460; and Kirbs

v. Provine, 78 Texas, 353. In the cases relied upon, two points are determined,—one, that as a general rule, no damages can be recovered for a wrongful levy upon land, where actual possession is not taken; and the other, that loss of credit is not an element of actual damages in actions for the recovery of damages for the wrongful levy upon the stock in trade of a merchant.

The present suit was brought in Nacogdoches County against Adoue, a resident of Dallas County, and one Campbell, the sheriff of the former county. The plaintiff sought to recover damages in part for the levy of an execution alleged to be fraudulent and void upon his interest in a partnership and upon his lands. Upon trial of the case, an exception to the petition on the part of Campbell was sustained and the suit was dismissed as to him. Adoue having pleaded his privilege of being sued in the county of his residence, his plea was sustained and the suit was also dismissed as to him. Upon appeal, the Court of Civil Appeals held that Adoue's plea to the jurisdiction was improperly sustained. This was the question presented and the question decided. It is true that in order to determine that question, it may have been necessary to determine whether or not any trespass, within the meaning of the term as used in our statutes of venue, was committed in the county in which the suit was brought. So, if the allegations of the petition merely showed a statutory levy upon the plaintiff's real estate and a case which would have authorized a recovery of actual damages only, and if no damage other than the loss of credit was averred, then it may be that the decision of the Court of Civil Appeals in this case has indirectly overruled one or more of the decisions in the cases cited in the petition for the writ of error. We need not decide whether such indirect overruling would have given this court jurisdiction or not. The petition not only makes out a case which would authorize the award of exemplary damages, but also avers in substance that the execution was fraudulently sued out (there being no judgment to authorize it), and that it was levied upon the plaintiff's interest in the banking partnership for the purpose of injuring and destroying his business. It is also alleged that in pursuance of the same purpose, the defendant caused the fact of the levy to be communicated to two commercial agencies, and through them, to the commercial world. This is a very different case from either of the cases cited and relied upon by applicant's counsel, and a decision holding that it shows a right of recovery can not be held to overrule either of them.

We are without jurisdiction to grant the writ of error in this case, and the application is therefore dismissed.

*Dismissed.*