## SPILLMAN v. WESTON. (No. 7808.)

(Court of Civil Appeals of Texas. Dallas. Nov. 10, 1917. Rehearing Denied Feb. 9, 1918.)

1. ATTACHMENT ⬅➡375(1) — WRONGFUL ATTACHMENT—DAMAGES.

Damages are not allowed merely because an attachment is levied, but are allowed when the writ is wrongfully issued for all actual loss directly and proximately resulting from the seizure of the defendant's property, such as depreciation in value resulting from the seizure, or loss resulting from sacrifice in case of forced sale, and hence a levy on lands, being unattended by disturbance of possession, use, or enjoyment of the premises, generally affords no ground for the recovery of actual damages.

2. MALICIOUS PROSECUTION ⬅➡67 — MALICIOUS ATTACHMENT—ELEMENTS OF DAMAGES.

Where, due to plaintiff's malicious and wrongful attachment of defendant's land, a pending negotiation for an additional loan on the land was prevented of consummation, and as a result defendant was unable to meet the interest on a prior loan, causing the holder to mature the entire indebtedness, place it with an attorney for collection, and advertise the land for sale, which defendant prevented by paying a bonus to a money lender to induce him to carry the debt so matured, such bonus and the attorney's fees

and advertising expense were not recoverable, there being no depreciation in the value of the land as a result of the levy, as the damages sought were too remote, and not the legal and natural consequence of the wrongful attachment.

3. MALICIOUS PROSECUTION ☞68 — MALICIOUS ATTACHMENT—EXEMPLARY DAMAGES.

Under a plea in reconvention for malicious attachment, where plaintiff had sustained no actual damages, no exemplary damages were recoverable.

Error from Dallas County Court; T. A. Work, Judge.

Action by W. W. Weston against E. Spillman. Judgment for plaintiff, and defendant brings error. Affirmed.

Chas. F. Clint, D. B. Eades, and Eric Eades, all of Dallas, for plaintiff in error. John C. Harris and G. D. Hunt, both of Dallas, for defendant in error.

RASBURY, J. Appellee sued appellant in the court below for past-due debt, aided by attachment issued on affidavit that appellant was about to dispose of his property with intent to defraud his creditors. Appellant, by his pleadings, admitted the debt, but sought damages by reconvention on the ground, in substance, that the attachment was wrongfully and maliciously sued out, and specified certain actual and exemplary damages. At trial general demurrer to the plea was sustained, and the jury peremptorily instructed to return verdict for the debt, which was done, and judgment accordingly entered, from which this appeal is perfected. The only issue presented therefore is the court's action in sustaining thè general demurrer. As a consequence, it is necessary to relate the substance of the material facts, admitted by the demurrer to be true, which are these: About two days prior to levy of attachment appellant informed appellee that he was about to secure a loan of $800, to be secured by a secondary lien on the land levied on, out of which he intended to pay the semiannual interest of $72, which would mature November 25, 1915, on a pre-existing note of $1,800 against said land, secured by deed of trust, and appellee's debt; appellant had, in fact, applied for such a loan from one W. G. Scarff, which had been granted, and the money about to be advanced when the attachment was levied, and upon learning which said Scarff refused to advance the money; appellant was unable to secure money upon any other lands or from any other source save the land levied on by appellee, which the latter knew; when the semiannual interest matured November 25, 1915, appellant defaulted in its payment, and the owner of said $1,800 note, as he had the legal right to do, after waiting until February 19, 1916, declared the entire debt due and placed same with an attorney for collection, who advertised same for sale under

the trust deed securing its payment, incurring an expense of $10 in that respect, and which resulted in adding to the principal and interest an additional sum of $190.98, attorney's fees; in order to prevent a sale of the land appellant finally induced said Scarff, in consideration of a bonus of $150, to acquire said $1,800 note, accumulated interest, added attorney's fees, and $10 incurred expense in advertising said land, who agreed to carry same for a reasonable length of time; the attachment was wrongful and without probable cause, and maliciously issued in order to vex and harass appellant, and as a result of which appellant was actually damaged in the amount of said attorney's fees, the expense incurred in advertising his property, and the bonus paid said Scarff, and because of the malice of appellee in suing out said attachment, suffered exemplary damages in the sum of $645. As we have indicated, for the purpose of the demurrer the facts alleged are to be taken as true. Then, the question is, Are the items of expense enumerated and incurred by appellant as the result of the wrongful and malicious' levy recoverable?

[1] The rule in this state on the question so raised is that damages are not allowed merely because attachment is levied, but are allowed, when the writ is wrongfully issued, for all actual loss directly and proximately resulting from the seizure of the defendant's property, such as depreciation in value resulting from seizure or loss resulting from sacrifice in case of forced sale, and that hence a levy upon lands under our statutes, being unattended by disturbance of possession, use, or enjoyment of the premises, generally affords no ground for the recovery of actual damages: Trawick v. Martin Brown Co., 79 Tex. 460, 14 S. W. 564; Drew v. Ellis, 6 Tex. Civ. App. 507, 26 S. W. 96; Hoover v. First Nat. Bank, 192 S. W. 1149. It is said in the case first cited, which is the ruling case, in effect, that in case an advantageous sale of lands already agreed upon is prevented of consummation by wrongful attachment, and direct loss results by subsequent depreciation in value, such loss would be recoverable, but that ordinarily a levy on lands where the defendant owes the debt can have no such effect, since the defendant may, if he finds a purchaser, sell the land and discharge the debt despite the levy.

[2] In the case at bar the claim is not that any direct and proximate loss to the land by depreciation in value has resulted from the levy, but that due thereto a pending negotiation for an additional loan thereon was prevented of consummation, due to which appellant was unable to meet a semiannual interest payment on another loan, which failure in turn caused the holder of such other indebtedness to mature the en-

tire debt, as he had a legal right to do, and which act made it necessary, in order to prevent a sale of the land under trust deed, to pay a bonus of $150 to a money lender to induce him to carry the debt so matured. Thus it is obvious that no depreciation in value of the land is alleged as a result of the levy, and hence no direct loss thereto proximately resulting therefrom. At most, it is alleged that certain items of expense necessary to secure a loan to meet maturing debts were incurred as a result of the attachment. If the rule in Trawick's Case contemplates only such damages as result from the land's depreciation in value, however brought about, then it occurs to us that such items are not recoverable, since no depreciation of or loss to the land is alleged. In that case it was said, in substance, that the fact that attachment prevented a sale of lands, the proceeds of which were to be applied to payment of Trawick's debts, could not form the basis of recovery because too remote. A thing is too remote when it is not the legal and natural consequence of the act complained of, which in this case is to say that the contract between appellant and his creditor matured the debt for which the expense was incurred, not the levy of the attachment. If the damages sought in the case cited were too remote, it follows that those here sought are likewise, since in final analysis there is no distinction between damages which arise as a result of wrongfully preventing a sale, the proceeds of which were to be used in paying debts, and those which arise in wrongfully preventing a loan, the proceeds of which were to be devoted to the same purpose.

[3] Finally, if we are correct in our conclusion that appellant's plea in reconvention fails to disclose recoverable actual damages, it follows that he would not be entitled to recover exemplary damages.

For the reasons indicated, the judgment is affirmed.