## OSCAR v. SACKVILLE.  (No. 174.)

(Court of Civil Appeals of Texas.  Waco. March 12, 1925.)

1. **Landlord and tenant** ⬳231(1)—**Burden on tenant to establish, by preponderance of evidence, issues relied on to relieve from rent.**

In action by landlord against tenant to recover rent, burden was on defendant to establish by preponderance of evidence, issues relied on to excuse her from liability for rent.

2. **Appeal and error** ⬳1003—**Adverse finding on issue, supported alone by testimony of party charged with burden of establishing it, not set aside because against uncontradicted evidence.**

When particular issue is supported alone by testimony of party charged with burden of establishing it, adverse finding thereon will not be set aside on ground that it is against uncontradicted evidence.

3. **Trial** ⬳352(4)—**Refusal to submit immaterial issue as to whether attachment was wrongfully issued not error.**

In action by landlord against tenant to recover rent in which plaintiff attached defendant's real estate, and defendant claimed damages for wrongful attachment, but there was neither allegation nor proof of special damage from levy of attachment, refusal to submit issues as to whether attachment was wrongfully sued out and what damage, if any, defendant suffered thereby, was not error; such issues being immaterial.

4. **Attachment** ⬳375(1)—**As general rule, levy of attachment on real estate by indorsing levy on writ is not ground for recovery of damages.**

Levy of attachment on real estate by indorsing levy on writ as provided by statute, does not disturb use and enjoyment of premises by owner, and, as general rule, is not ground for recovery of damages.

5. **Attachment** ⬳177—**Lien acquired by attachment of land and right to have it foreclosed not affected by question as to whether attachment was wrongfully sued out.**

Lien acquired by levy of attachment on land and right to have it foreclosed are not affected by any question as to whether attachment was wrongfully sued out.

6. **Attachment** ⬳217—**On recovery of judgment for debt, on which affidavit for attachment of land was based, foreclosing attachment lien was proper.**

In view of Rev. St. art. 268, where plaintiff recovered judgment for debt on which affidavit for attachment of real estate was based, foreclosing attachment lien was proper.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by H. A. Sackville against Gussie Oscar. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 253 S. W. 651.

Taylor & Hale, of Waco, for appellant.

Tirey & Tirey and Geo. W. Barcus, all of Waco, for appellee.

GALLAGHER, C. J. This is an action for debt brought by appellee, H. A. Sackville, to recover from appellant, Miss. Gussie Oscar, the sum of $875, with legal interest thereon from September 1, 1919. Appellee sued out a writ of attachment and caused the same to be levied on certain real estate belonging to appellant.

Appellee and appellant entered into a written contract, by the terms of which he leased to her the theater portion of the Auditorium building in the city of Waco for the term of one year, beginning with September 1, 1918, at a monthly rental of $175 per month, payable monthly. By the terms of said contract appellant agreed to keep the premises in good repair during the term of said lease, except for natural wear and tear on the building, and appellee agreed "to repair any such natural wear and tear on said building during the continuance hereof as may be necessary to keep said building tenantable." Appellant alleged that the heating plant installed and furnished for use in heating said building consisted of a boiler, pipes, and radiators; that the same, within a very short time after the beginning of the term covered by said lease, became, by reason of natural wear and tear, defective and inadequate to properly heat said building; that appellee, upon request, promised to repair the same, but failed to make any effective repairs thereon; that, by reason of the lack of adequate heating equipment, said building became unsuitable for use as a showhouse and place of public entertainment and untenantable for such purpose early in November, 1918, and so continued during the remainder of said term.

She alleged that such failure constituted a breach by appellee of the terms of said lease contract. She further alleged as a defense to plaintiff's demand that, by reason of the fact that said building became and remained untenantable, she was forced to abandon and did abandon the same and turned the same back to appellee; that she paid the stipulated rental for the time she occupied said building; and that she did not owe any part of the sum sued for, the same being rental accruing after such abandonment of the premises by her. She also alleged that she was unable to properly heat said building with the equipment so furnished during the months she did use and occupy the same, and that her inability to do so prevented the public from patronizing the shows and entertainments presented by her therein and caused her serious and substantial loss of profits, which would have accrued from carrying on her said business therein. She pleaded such loss and damage in reconvention in the sum of $3,000 and asked judgment therefor. She also alleged that appellee's affidavit, which stated that she was indebted to plaintiff in said sum of $875, together with interest thereon, and that she was about to dispose of her property with intent to defraud her creditors, was untrue, and that said attachment was therefore wrongfully sued out. She further alleged that the writ of attachment issued upon said affidavit was levied on certain real estate belonging to her; that said real estate was at the time of such levy of the value of $27,000; and that the same at the time of trial was not worth more than $26,000. She claimed actual damages for such levy in the sum of $1,000, for which she asked judgment.

The court submitted the case to a jury on special issues. The jury found, in substance, that the building was not at any time untenantable on account of inadequate heating facilities; that appellant did not abandon the leased premises; and that she did not lose any profits from her business on account of defective heating facilities. The court entered judgment on the verdict in favor of appellee against appellant for the sum sued for, with interest thereon, amounting in the aggregate to $1,104.30, together with all costs of court, and foreclosed the attachment lien. The case is here upon appeal.

[1] Appellant contends that the verdict of the jury on each of the issues embraced therein is without support in the evidence and contrary to the uncontradicted evidence in the case. No statement of the evidence, or any part thereof, is made by appellant in her brief, but reference is made therein to the statement of facts as a whole. Such statement consists of 92 typewritten pages. There is no index to the same and the documentary evidence introduced is not segregated from the oral evidence. We have, however, examined such statement in its entirety. The burden was on appellant to establish each of said issues by a preponderance of the evidence. If she failed to do so, the jury was required to answer each of the same in the negative, as they did do. Appellant's contention on each of these issues was supported alone by her own testimony. There was other testimony introduced tending to rebut her contentions with reference to each of such issues.

[2] When a particular issue is supported alone by the testimony of the party charged with the burden of establishing the same, an adverse finding thereon will not be set aside on the ground that it is against the uncontradicted evidence. Moore v. Moore (Tex. Civ. App.) 259 S. W. 322, 327, and authorities there cited.

[3] Appellant requested the court to submit appropriate issues invoking a finding by the jury with reference to whether the attachment in this case was wrongfully sued out, and what damage, if any, she sustained by reason of the levy thereof. The court refused to submit such issues.

[4] The mere levy of a writ of attachment upon real estate by indorsing such levy on the writ, as provided by statute, does not disturb the possession, use, or enjoyment of the premises by the owner, and, as a general rule, such levy affords no ground for the recovery of damages. There was neither allegation nor proof of any special damage resulting from the levy of the writ of attachment in this case. Whether the attachment in this suit was or was not wrongfully sued out was therefore immaterial to any issue in this case, and the court did not err in refusing to submit said special requested issues. Trawick v. The Martin-Brown Co., 79 Tex. 460, 463, 14 S. W. 564; Adoue v. Wettermark, 94 Tex. 81, 82, 58 S. W. 722; Drew v. Ellis, 6 Tex. Civ. App. 583, 26 S. W. 95, 96 (writ refused); Spillman v. Weston (Tex. Civ. App.) 200 S. W. 557, 558.

[5] The lien acquired by the levy of the writ of attachment and the right to have same foreclosed by the court were not affected by any question as to whether such attachment was wrongfully sued out or not. Dwyer v. Testard, 65 Tex. 432, 435; Gimbel & Son v. Gomprecht & Co., 89 Tex. 497, 499, 35 S. W. 470.

[6] Plaintiff having recovered judgment for the debt upon which the affidavit for attachment was based, the court properly foreclosed the attachment lien. Revised Statutes, art. 268; Moss v. Katz & Mayer, 69 Tex. 411, 6 S. W. 764.

The judgment of the trial court is affirmed.

BARCUS, J., took no part in the decision of this case.