## BLANKET STATE BANK OF BLANKET v. REDWINE.

### No. 1348.

Court of Civil Appeals of Texas. Eastland.
Dec. 7, 1934.

Y. W. Holmes, of Comanche, for appellant.
A. B. Haworth, of Comanche, for appellee.

HICKMAN, Chief Justice.

Upon the petition of appellee, Redwine, the county judge granted him a temporary writ of injunction, commanding the appellant bank and a constable to desist and refrain from selling or offering for sale two calves of the alleged value of $10, claimed to be exempt to appellee as the head of a family, and claimed to have been levied on under an order of sale foreclosing a mortgage lien upon certain cattle, but not upon the calves themselves. The temporary writ of injunction by its terms was operative until the further orders of the county court of Comanche county. Appellant filed a motion to dissolve the injunction upon the ground that the court was without jurisdiction to issue same, and upon the overruling of that motion filed its original answer, again presenting the question, among others, that the

court was without jurisdiction. The case was tried on its merits several months after the temporary writ of injunction was issued, resulting in an order perpetuating the injunction and perpetually enjoining appellant and the constable from the seizure and sale of the two calves. As a basis for this judgment, the court found that the two calves were exempt to appellee and not subject to execution. The appeal is from this final judgment.

██ The court had no jurisdiction to render the judgment appealed from. The only relief sought, in addition to the injunction restraining the sale of the calves of the value of $10, was a prayer for damages to the amount of $25. The original jurisdiction of the county court is limited by the Constitution to suits wherein the amount in controversy exceeds $200, and does not exceed $1,000. This restriction limits the powers of such courts to issue writs of injunction. Where the amount in controversy is below $200, the jurisdiction of a suit seeking injunction is exclusively in the district court. Const. of Texas, art. 5, § 16; De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Mebane Cotton Breeding Ass'n v. Sides (Tex. Civ. App.) 257 S. W. 302; Specialty Service Corp. v. Armstrong (Tex. Civ. App.) 296 S. W. 958; Ripple v. McCoury (Tex. Civ. App.) 29 S.W.(2d) 436.

██ Appellee relies upon articles 1957 and 4656, R. S. 1925, as conferring jurisdiction upon the county court to issue this writ. We cannot thus construe these articles. The former grants the right to a county judge to issue writs of injunction or other writs necessary to the enforcement of the jurisdiction of the county court. The latter provides that writs of injunction granted to stay proceedings in a suit, or the execution of a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment rendered. There is no suit pending to which this proceeding is ancillary. The judgment sought to be collected by appellant has long since become final. The issuance of the writ of injunction in no sense preserved the jurisdiction of the county court. Neither was this a suit to enjoin the execution of a judgment as that expression is used in the last-cited article. In the recent case of Thomason v. Sherrill (Tex. Civ. App.) 47 S.W.(2d) 865, 866, we considered the construction of this statute, and there quoted from the Supreme Court in Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578, the following language: "But the law requiring a suit to enjoin the execution of a judgment to be brought in the county of its rendition, evidently applies to suits attacking the judgment; questioning its validity, or presenting defenses properly connected with the suit in which it was rendered, and which should have been adjudicated therein."

It is our order that the judgment of the court below be reversed, and that judgment be here rendered dissolving the injunction. All costs incurred in the proceeding, including the costs of appeal, will be adjudged against appellee.

Reversed and rendered.