**HILLKEE CORPORATION, Appellant,**

v.

**Robert E. HARRELL, Appellee.**

No. 8608.

Court of Civil Appeals of Texas, Texarkana.

Sept. 26, 1978.

Rehearing Denied Nov. 21, 1978.

Henry Ron White, White, Mahomes & Biscoe, Dallas, for appellant.

Harold J. Dollinger, Dallas, for appellee.

CORNELIUS, Chief Justice.

Hillkee Corporation appeals from a judgment of the district court which set aside an execution sale.

The judgment which produced the execution sale was taken by the State of Texas against Robert E. Harrell in the District Court of Travis County for the sum of $672.67 which represented delinquent sales taxes, penalties, interest and costs. Execution on the judgment was issued and levied in Dallas County upon a parcel of real estate owned by Harrell. After giving the required notice of sale, Officer Grandstaff, of the Dallas County Sheriff's Department, conducted a public auction sale of the property on September 6, 1977. The property was struck off to Hillkee Corporation, the high bidder. Hillkee was also high bidder on several other parcels offered for sale at that time, and on completion of all the sales it delivered to Grandstaff a check for the total purchase price of all the parcels it had purchased. As Hillkee was a frequent purchaser at such sales and had dealt with the sheriff's department on many other occasions, Grandstaff accepted Hillkee's check in payment of the purchases. Officer Grandstaff did not have the Sheriff's Deeds ready at the time of the sale, so Hillkee's representative made arrangements to obtain them the following day, September 7, 1977. On that day, however, Harrell obtained a temporary restraining order from the 14th District Court of Dallas County restraining the sheriff from delivering a deed to Hillkee for the property in question, or from paying the proceeds of the sale to the state comptroller. The temporary restraining order was issued in response to Harrell's allegations that certain irregularities occurred in the sale proceedings and that the price bid by Hillkee was grossly inadequate. Harrell thereafter filed an amended pleading which abandoned any plea for injunctive relief and rather sought a judgment that the purported sale was incomplete and a nullity because no payment in cash had been made and no sheriff's deed had been delivered. It also alleged that the underlying judgment had been paid on September 9, 1977, two days after the sale. No attack was made upon the validity of the state's judgment or the process as issued from the Travis County District Court. As far as the record reveals, no temporary injunction was issued, and the case was tried on its merits to the court on October 13, 1977, after which the court entered judgment decreeing that ". . . the Sheriff's sale held on September 6, 1977 . . . is hereby set aside and held for naught."

Hillkee contends that the court had no jurisdiction to render the judgment. We agree.

■ Actions in equity to set aside an execution sale must be brought in the court out of which the writ was issued, even though the validity of the judgment itself is not questioned. *Bender v. Damon*, 72 Tex. 92, 9 S.W. 747 (1888); *Rankin v. Carpenter*, 568 S.W.2d 198 (Tex.Civ.App. Tyler 1978, no writ); *Ross v. Brown*, 491 S.W.2d 690 (Tex. Civ.App. Tyler 1973, writ ref'd n. r. e.); *Sharp v. Yniguez*, 324 S.W.2d 291 (Tex.Civ. App. Amarillo 1959, no writ); *Houghton v. Rice*, 15 Tex.Civ.App. 561, 40 S.W. 1057 (1897, no writ); *Wilson v. Aultman & Taylor Co.*, 39 S.W. 1103 (Tex.Civ.App. 1897, no writ); 24 Tex.Jur.2d, Executions, Sec. 147, p. 618. The requirement is jurisdictional. *Sharp v. Yniguez*, supra. As the judgment was rendered in the District Court of Travis County and the execution issued therefrom, that court had the exclusive jurisdiction to set the sale aside.

■ Harrell argues that the execution sale was incomplete, and because he sought and obtained a temporary restraining order against delivery of the sheriff's deed, the district court of Dallas County had jurisdiction. Article 4656 and Subd. 17 of Article 1995, Tex.Rev.Civ.Stat.Ann., provide that suits to *enjoin* the execution of a judgment must be tried in the court where the judgment was rendered, but those provisions

apply only to suits attacking the judgment, questioning its validity, or presenting defenses properly connected with the suit in which it was rendered, and which should have been adjudicated therein. They do not apply to actions which, without questioning the judgment or the propriety of the writ, seek to restrain a levy on or sale of property under execution, either because the property is not subject to the judgment or because the attempted levy has not complied with the statutes. *Carey v. Looney*, 113 Tex. 93, 251 S.W. 1040 (1923); *Blanket State Bank v. Redwine*, 77 S.W.2d 558 (Tex. Civ.App. Eastland 1934, no writ); *Thomason v. Sherrill*, 47 S.W.2d 865 (Tex.Civ.App. Eastland 1932, no writ); *Van Slyck v. Dallas Bank & Trust Co.*, 45 S.W.2d 641 (Tex. Civ.App. Dallas 1931, no writ); *Melton v. American Surety Co.*, 240 S.W. 574 (Tex. Civ.App. Austin 1922, writ ref'd); *Adoue v. Wettermark*, 22 Tex.Civ.App. 545, 55 S.W. 511 (1900), writ dism'd w. o. j., 94 Tex. 81, 58 S.W. 722 (1900); 1 McDonald's, Texas Civil Practice, Sec. 4.25.1, pp. 506, 507; 24 Tex.Jur.2d, Executions, Sec. 85, pp. 554, 555. Consequently, the district court of Dallas County would have had jurisdiction to enjoin the sale if proper reasons existed for doing so. But this appeal is not from an order enjoining the sale. As far as the record before us reveals, no injunction was ever issued. The temporary restraining order of September 7, unless extended, expired on September 17. See Tex.R.Civ.P. 680. The record reveals no such extension, but even if the order had been extended, when Harrell proceeded to trial and secured a judgment setting aside the sale, the injunction question became moot and passed out of the case. The only action of the district court which is before us is the judgment setting aside the sale of September 6. Such a judgment was improper because the court lacked jurisdiction to enter it.

Harrell's brief asserts several equitable grounds for setting the sale aside, including a grossly inadequate price, the payment of the underlying judgment, and a prompt offer to make the purchaser whole. But these issues must be determined by an action filed in the District Court of Travis County where the judgment was rendered and the writ of execution was issued.

The judgment of the trial court is reversed and the cause of action is dismissed.