TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00229-CV






Lucas Lopez, Appellant



v.



Texas Workers' Compensation Insurance Fund, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 98-03747, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







 In March 1998, the district court in Jim Wells County rendered judgment on a jury
verdict that appellant Lucas Lopez sustained an occupational disease in the course and scope of
his employment. See Tex. Lab. Code Ann. § 406.031 (West 1996). The Texas Workers'
Compensation Insurance Fund (the Fund) appealed that judgment to the Fourth Court of Appeals
in San Antonio. The Fund refused to pay Lopez benefits during the pendency of its appeal,
contending that, under section 410.205 of the Labor Code, the decision of the appeals panel
denying compensation was binding until there was a final, non-appealable judgment in the case. 
See Tex. Lab. Code Ann. § 410.205 (West 1996). Lopez notified the Fund that he intended to
sue for bad faith in handling his compensation claim under the Texas Insurance Code and the
Deceptive Trade Practices Act. See Tex. Ins. Code Ann. art. 21.21 (West 1981 & Supp. 1999);
Tex. Bus. & Com. Code Ann. §§ 17.40-.63 (West 1987 & Supp. 1999). Before he could do so,
the Fund filed suit in Travis County seeking a declaratory judgment on whether its interpretation
of section 410.205 was correct and whether the Fund's refusal to pay Lopez during the pendency
of the appeal constituted a breach of its policy with its insured. The Travis County district court
upheld the Fund's interpretation of the statute and declared that the Fund was therefore not in
breach of its insurance policy by refusing to pay benefits until required by a final judgment. We
will affirm the district court's judgment.


BACKGROUND

 Appellant Lucas Lopez worked for over twenty years as a sandblaster and painter
for T.B. Moran Company in Alice, Texas. Lopez claimed that repeated exposure to silica dust
and other particulate matter caused him to suffer the lung condition known as chronic obstructive
pulmonary disease and that this condition constituted a compensable injury under the Workers'
Compensation Act. See Tex. Lab. Code Ann. §§ 401.001- 418.002 (West 1996 & Supp. 1999).

 Lopez was denied benefits at all stages of the administrative proceeding,
culminating in an appeals panel decision upholding the denial of benefits. Lopez filed suit in the
district court of Jim Wells County. The case was tried to a jury, and the district court rendered
judgment on the verdict that Lopez had suffered a compensable injury in the course and scope of
his employment and that the Fund was liable for benefits. The Fund appealed this decision and
declined to pay benefits during the pendency of the appeal on the basis that section 410.205(b) of
the Labor Code binds the Fund and Lopez to the appeals panel's decision--in this case a decision
denying benefits--while appeal is pending. (1) 

 Lopez then sent a letter to the Fund on February 11, 1998, giving notice of his
intent to sue the Fund for bad faith in handling his compensation claim and for alleged violations
of the Texas Insurance Code and the Deceptive Trade Practices Act. See Tex. Ins. Code Ann.
art. 21.21; Tex. Bus. & Com. Code Ann. §§ 17.40-.63. Both statutes require that a claimant give
written notice sixty days before filing suit. See Tex. Ins. Code Ann. art. 21.21, § 16(e) (West
Supp. 1999); Tex. Bus. & Com. Code Ann. § 17.505(a) (West Supp. 1999).

 Eight days before the sixty-day waiting period expired, the Fund filed suit for
declaratory relief in Travis County. In its petition, the Fund requested a determination of its
rights and obligations under section 410.205 of the Labor Code as well as a determination on
whether it had breached the terms of its policy with Moran Company by not paying compensation
to Lopez. The district court granted summary judgment in favor of the Fund on both issues. In
its order, the court stated that Lopez and the Fund were both bound by the appeals panel's
decision until rendition of a final, non-appealable judgment in Lopez's suit and therefore the
Commission had not breached the terms of its policy by failing to pay Lopez compensation
pending final resolution of the suit.

 Lopez appeals the district court's order in three issues, contending: (1) the Fund's
suit should have been abated or dismissed because the Fund was engaging in impermissible forum
shopping in response to Lopez's notice letter; (2) the court erred in not transferring venue to Jim
Wells County because that was the county of mandatory venue; and (3) the court's grant of
summary judgment was error because it was based on a misconstruction of the Labor Code.


DISCUSSION

Denial of Motion to Abate

 A court's decision whether to grant a motion to abate is subject to review for abuse
of discretion. See Project Eng'g USA Corp. v. Gator Hawk, Inc., 833 S.W.2d 716, 724 (Tex.
App.--Houston [1st Dist.] 1992, no writ). A trial court abuses its discretion when it acts in an
unreasonable and arbitrary manner, or without reference to any guiding rules or principles. See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). This Court may
not reverse for abuse of discretion merely because we disagree with the decision of the court. 
See id. at 242.

 In general, the court in which a suit is first filed acquires dominant jurisdiction to
the exclusion of other coordinate courts. See Curtis v. Gibbs, 511 S.W.2d 263, 267 (Tex. 1974);
Niemeyer v. Tana Oil & Gas Corp., 952 S.W.2d 941, 943 (Tex.App.--Austin 1997, no writ).
Generally, if a party calls to the second court's attention the pendency of the prior lawsuit by a
timely motion to abate, "[a]ny subsequent suit involving the same parties and the same
controversy must be dismissed." Gibbs, 511 S.W.2d at 267 (emphasis added). (2) The proponent
of a motion to abate has the burden of proving by a preponderance of the evidence at the hearing
on the motion the facts that are alleged in the motion as grounds for abating the case. See Bernal
v. Garrison, 818 S.W.2d 79, 82 (Tex. App.--Corpus Christi 1991, writ denied).

 Lopez never asked for a hearing on his motion, none was had, and the court never
expressly ruled on the motion. Arguably, therefore, he waived his complaint. Even if
considered, we have no way of knowing why the court did not grant the motion. When there are
multiple grounds that could support the district court's decision, we will affirm unless all grounds
are disproved. See Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).

 "Abatement of a lawsuit due to the pendency of a prior suit is based on the
principles of comity, convenience, and the necessity for an orderly procedure in the trial of
contested issues. The plea in abatement must be raised in a timely manner, however, or it is
waived." Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988) (citations omitted)
(emphasis added). 

 The Fund filed its suit for declaratory judgment on April 4, 1998; Lopez did not
file his motion to abate until February 10, 1999. The court could have found that Lopez's filing
his motion to abate over ten months after the suit's inception was untimely. Such a decision
would not have been an abuse of discretion. We overrule Lopez's first issue. 


Denial of Motion to Transfer Venue

 In his second issue, Lopez argues that Jim Wells was the county of mandatory
venue for all proceedings. Lopez claims that the effect of the Fund's Travis County suit was to
render the Jim Wells County judgment temporarily invalid. When a party seeks to restrain
execution of a judgment based on invalidity of the judgment, mandatory venue lies in the county
in which the judgment was rendered. See Tex. Civ. Prac. & Rem. Code Ann. § 15.013 (West
1986). If a plaintiff's chosen venue is permissive and a defendant moves to transfer venue based
on a mandatory venue provision, the court must grant the motion. See Wichita County v. Hart,
917 S.W.2d 779, 781 (Tex. 1996). Failure to grant such a motion is an abuse of discretion
requiring reversal and remand for a new trial. See id.

 The outcome of this issue is determined by whether the Fund's suit seeking a
declaratory judgment constitutes an attack on the validity of the Jim Wells County judgment. We
do not believe that it does. Section 15.013 was intended to establish mandatory venue "only [for]
suits attacking the judgment, questioning its validity, or presenting defenses properly connected
with the suit in which it was rendered, and which should have been adjudicated therein." Hillkee
Corp. v. Harrell, 573 S.W.2d 558, 560 (Tex. Civ. App.--Texarkana 1978, writ ref'd n.r.e.)
(construing the precursor to section 15.013). Lopez argues that the Fund's interpretation of Labor
Code section 410.205(b) renders the Jim Wells verdict temporarily unenforceable and, in so
doing, attacks its validity. But the Travis County district court's interpretation of section 410.205
does not relieve the Fund of the obligation to pay under the Jim Wells County judgment; it merely
affects when the Fund must pay. Since the Fund does not contest the validity of the judgment,
section 15.013 does not provide for mandatory venue of the Fund's request for declaratory relief
in Jim Wells County.

 Relying on his argument under 15.013, Lopez does not contend on appeal that
Travis County lacked permissive venue of the action. (3) In deciding whether to transfer from one
permissive venue to another, a court retains discretion, and its decisions are not subject to review
on appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 15.002(b), (c) (West Supp. 1999). Having
rejected Lopez's argument, we overrule his second issue.


Interpretation of Section 410.205(b)

 In his third issue, Lopez contends that the Travis County district court misconstrued
section 410.205(b) of the Labor Code. He argues that the decision of the appeals panel denying
benefits remains in effect only until the district court renders a decision, but that the trial court's
decision awarding benefits then becomes effective without regard to further appellate review. He
bases his position on the fact that section 410.205(b) says, "The decision of the appeals panel
regarding benefits is binding during the pendency of an appeal under Subchapter F or G." Tex.
Lab. Code Ann. § 410.205(b) (emphasis added). Lopez construes this section to mean the appeals
panel's decision is binding only until the district court renders a decision. The Fund defends on
the ground that section 410.205(b) necessarily requires that the appeals panel's decision remains
in effect until the judicial appellate process is exhausted.

 Statutory construction is a question of law. See Johnson v. City of Fort Worth, 774
S.W.2d 653, 656 (Tex. 1989). We review a district court's ruling on a pure question of law de
novo. See Republic W. Ins. Co. v. State, 985 S.W.2d 698, 701 (Tex. App.--Austin 1999, pet.
dism'd w.o.j.).

 We agree with the Fund for several reasons. From a policy standpoint, we believe
Lopez's construction cannot be correct and would lead to unwarranted results. If we adopted
Lopez's approach, a worker in his position would receive benefits once the district court rendered
a ruling. On the other hand, a worker being paid benefits under an appeals panel's decision would
have those benefits immediately terminated upon the district court's rendition of judgment against
him, even though the court's decision denying benefits might be overturned on appeal. Such an
outcome would be contrary to the overarching policy of providing benefits to injured workers as
soon as is practical. See Texas Workers' Compensation Comm'n v. City of Bridge City, 900
S.W.2d 411, 416 (Tex. App.--Austin 1995, writ denied) (noting that the State has an interest in
securing payments to injured workers as quickly as is practical); see also Act of May 19, 1999,
76th Leg., R.S., ch. 955, §§ 5, 6(b), 1999 Tex. Gen. Laws 3696, 3697 (to be codified as Tex.
Lab. Code Ann. §§ 410.209, 413.055) (providing for reimbursement to carriers in the event of
erroneous payment, thus encouraging carriers to err in favor of payment). We believe the statute
as written reflects the State's policy that benefits should be payable or not in accordance with the
appeals panel's decision until a final judicial decision rules otherwise. Lopez's interpretation
would undermine the general policy of the Workers' Compensation Act.

 Moreover, the text of the Labor Code does not support Lopez's interpretation. 
Lopez would have us enforce a district court's decision even though it is not yet final and still on
appeal. Nowhere does the statute expressly provide for such an outcome. Although Subchapters
F and G refer specifically to the "jury" and "trial court," trial court proceedings necessarily
contemplate review by appellate courts. Neither subchapter contradicts this implication by
expressly providing that the district court's decision becomes effective immediately and remains
in effect while being challenged on appeal. Although section 410.305(a) provides that Subchapter
G governs if there is a conflict with the Rules of Civil Procedure or any other rules adopted by
the supreme court, there is no such conflict here. See Tex. Lab. Code Ann. § 410.305(a) (West
1996). We believe the statute clearly provides that the ultimate administrative ruling--whether
granting or denying benefits--remains in effect until overturned by a final and enforceable judicial
decision.

 Our decision that the Fund is under no present obligation to pay is also supported
by law outside of the Labor Code. The district court of Jim Wells County rendered judgment that
the Fund is liable to Lopez, but the Fund took appeal of that judgment to the court of appeals. 
Lopez argues that the judgment nevertheless became effective because the Fund did not file a
supersedeas bond. Our record contains no evidence on that issue. In any event, a governmental
agency of an entity that is excused by law from the requirement of filing an appeal bond is itself
excused. See Dallas County Appraisal Dist. v. Institute for Aerobics Research, 751 S.W.2d 860,
861 (Tex. 1988). Under section 6.001 of the Civil Practice and Remedies Code, the state is not
required to post a supersedeas bond when filing an appeal. See Tex. Civ. Prac. & Rem. Code
Ann. § 6.001(a), (b)(1) (West 1997). The Fund is a state agency for purposes relevant to the
present discussion. See American Home Assurance v. Texas Dep't of Ins., 907 S.W.2d 90, 95 &
n.8 (Tex. App.--Austin 1995, writ denied). When an entity exempt from the bond requirement
files appeal, that "appeal, when perfected, automatically supersedes the district court's judgment,
and that suspension remains in effect until all appellate rights are exhausted." In re Long, 984
S.W.2d 623, 625 (Tex. 1999). We overrule issue three.


CONCLUSION


 Because we overrule appellant's three issues, we affirm the judgment of the district
court.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: November 18, 1999

Publish

1. Section 410.205(b) states, "The decision of the appeals panel regarding benefits is binding
during the pendency of an appeal under Subchapter F or G." Tex. Lab. Code Ann. § 410.205(b).
2. We question whether, under the facts of this case, granting a motion to abate the Travis County
cause would have been appropriate. The record reflects that, although the suit Lopez claims he
intended to bring in Jim Wells County involved the same parties, it did not involve the same
controversy. Lopez's letter gave the Fund notice of his intent to pursue an action in tort. The Fund's
suit sought a declaration of when it was required to pay benefits under the statute, not a
determination of its tort liability.
3. In his motion to transfer venue, Lopez argued that Travis County was not a proper
permissive venue under section 15.002(a). See Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)
(West Supp. 1999). He has abandoned this argument on appeal, and it does not appear in his brief
to this Court.


ation Act.

 Moreover, the text of the Labor Code does not support Lopez's interpretation. 
Lopez would have us enforce a district court's decision even though it is not yet final and still on